IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MITCHELL, | No. CIV S-07-0655-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| BOARD OF PRISON HEARINGS, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on April 5, 0207.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, the exhaustion of available state remedies is a jurisdictional prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v.

1

Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[1]  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims.  Moreover, petitioner has not alleged that such remedies are no longer available.

Petitioner challenges the state court's denial of his state habeas petition.  That petition, however, did not raise any claims based on petitioner's conviction or sentence.  In the only reasoned decision, the state court summarized the case as follows:

> On December 20, 2005, petitioner filed a petition for a writ of habeas corpus seeking return to his native country (Canada) under the Transfer Treaty Agreement (Government Code 12012..1 and 18 U.S.C. 4100) to there serve the balance of his 16 years to life sentence imposed by California in 1985. [¶] Respondent on July 25, 2006, alleged his transfer to Canada was under review and was not ripe for decision. [¶] In response. . . petitioner alleges he is being denied equal protection . . . because a Swedish prisoner, allegedly similarly situated, was returned to Sweden recently by California prison authorities.

In denying petitioner's claim, the state court agreed with the government that the claim was not ripe for review because his application for return to Canada was still pending at the time.  The state court concluded that it could not direct California prison officials to give his case any greater priority and denied petitioner's petition without prejudice.

Based on documents attached to the instant petition, it is clear that prison authorities have denied his request to be returned to Canada.  It is also clear, however, that petitioner did not return to the state court with another habeas petition once his claim had ripened for review.  Before he can ask this court for relief under § 2254, he must first give the state court the opportunity to review the claim in light of the denial of his transfer request.  Because he has not done so, the entire petition is unexhausted.

---

[1] A petition may, however, be denied on the merits without exhaustion of state court remedies.  See 28 U.S.C. § 2254(b)(2).

1       Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus be summarily dismissed for failure to exhaust state court remedies.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 19, 2007.

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE